IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN RANDALL FUTCH, )
)
    Petitioner, )
) CASE NOS. CV404-097
v. ) CR402-232
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

# ORDER

Before the Court is Petitioner's "Motion Relating Back to Original 28 U.S.C. 2255." (Doc. 23.) Petitioner seeks to have this Court accept his Motion, which challenges his conviction under 28 U.S.C. § 2255, as timely by having it relate back to his original habeas petition. Petitioner argues that Federal Rule of Civil Procedure 15(c)(1)(B) allows him to amend his original habeas petition and have this Court consider his claim for relief.[1] After careful consideration, Petitioner's Motion is **DENIED**.

Rule 15(c)(1)(B) allows amendments to original pleadings to relate back to the date of the pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or

---

[1] In his Motion, Petitioner cites Rule 15(c)(2) as allowing the amendment to relate back. Petitioner has cited to a pre-2007 revision of the Rule. The proper provision is now contained in Rule 15(c)(1)(B).

attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The amended petition must "state claims that are tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). "The untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000). "[T]he untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.' " Id. (citations omitted).

The problem with Petitioner's Motion is that he seeks to assert the identical claim for relief that he presented in his original petition as ground two. Petitioner claimed in his original petition that "[t]he search warrant were [sic] placed under seal by motion of the United States (Prosecution). The search warrants remained seal [sic] throughout the case." (Doc. 1 at 5.) In the current Motion, Petitioner asserts that his "Sixth Amendment Rights were violated by his inability to obtain the search warrant that remained sealed by the Government throughout the Criminal proceeding." (Doc. 23 at 2.) Comparing these two claims, it is clear to this Court that Rule 15(c)(1)(B) is

inapplicable. Petitioner is not seeking to amend his original Petition by adding a claim that arises from the same set of facts—he is trying to raise for a second time the same argument previously rejected by this Court. Rule 15(c)(1)(B) does not allow Petitioner to have a second bite at the apple simply because he disliked the taste of the first. Accordingly, Petitioner's Motion is **DENIED**.

SO ORDERED this 16th day of January, 2009.

_____
WILLIAM T. MOORE, JR. CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA